[Civ. No. 4094. First Appellate District, Division Two.—August 14, 1922.]

MILLER & LUX INCORPORATED (a Corporation), Appellant, v. SAN JOAQUIN AGRICULTURAL COMPANY (a Corporation) et al., Defendants; J. W. GOODWIN, Respondent.

[1] Contracts—Apportionment of Expenses of Litigation—Covenant Running With Land—Liability of Grantees.—Where a contract apportioning the rights of certain property owners to use the waters of certain rivers provides that if any person shall attempt to divert any of said waters to the prejudice of the parties thereto, the expenses of any litigation caused thereby shall be ratably contributed by the parties thereto in proportion to the amounts of land severally irrigated by them, and such contract further provides that the stipulations and agreements therein contained "shall bind and inure to the benefit of" the successors, heirs, and assigns of each and every of the parties thereto "in the same manner as if they had therein been expressly named," such contract creates a covenant running with the land as to grantees of the parties thereto who take title under a deed containing a provision to the effect that the grantee agrees to perform all the terms of said contract; and where such grantees holding as tenants in common partition the land between them, each becomes severally liable for his *pro rata* of such expenses, based on the amount of land retained and held by him, and at the same time each is discharged as to any liability for any obligations that might thereafter arise concerning the interest in the lands, title to which passed from him by the partition deeds.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge. Reversed.

The facts are stated in the opinion of the court.

58 Cal. App.—48

Edward F. Treadwell, Gail C. Larkin and Joseph C. Sharp for Appellant.

Walter H. Linforth for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendants based on a common count for money paid. In its complaint it sued for $705.06. It was awarded a judgment for $404.40. Being dissatisfied with the amount of its judgment the plaintiff has appealed and has brought up the judgment-roll and a bill of exceptions.

The controversy arose out of the expenditure of moneys expended in certain litigation, the results of which were of interest to all of the parties concerned. The plaintiff conducted the litigation from the beginning to the end. During a part of the time the predecessors in interest of the defendant J. W. Goodwin were parties to the litigation and shared in the expenses. Later, when the defendant J. W. Goodwin became the owner of certain of the properties he was substituted for his predecessor and he remained a party to the litigation until the same was terminated. The liability of the defendant J. W. Goodwin is claimed to rest on two different theories, one that he was so liable by reason of an alleged covenant running with the land and the other theory is that he was liable on an implied contract. In view of the conclusion which we have reached on the first theory, it will not be necessary for us to consider the second theory. A part of the expenses was incurred when J. W. Goodwin and Luther J. Holton owned the land as tenants in common. On February 5, 1916, those two men entered into partition deeds. As from that date on the defendant Goodwin claims that the expenses should be divided and that Goodwin should not be charged more than one-half thereof, whereas the plaintiff contends that under the provisions of section 1659 of the Civil Code that Goodwin and Holton would be jointly and severally liable for the whole. Of course, the liability of the defendant measured as based on an alleged covenant running with the land is quite different from his liability on an implied contract. We will consider the case in the first place under the theory that the plaintiff's rights rest on an alleged covenant running with the land.

[1] On the fourth day of June, 1901, the predecessor in interest of the defendants, and numerous other parties, entered into a contract which is set forth in the bill of exceptions. For the purpose of this opinion it is sufficient to state that the said contract is of such a nature that it is, in effect, a quitclaim deed by certain of the parties to certain other parties, including the predecessor in interest of the defendants, and in general is and constitutes a limitation, definition, and apportionment of the rights of the several parties to the use of the waters of the Fresno River and the San Joaquin River. One of the paragraphs of that contract provides: "If hereafter any person shall attempt to divert any water from either of said rivers to the prejudice of the parties hereto, the expenses of any litigation caused thereby shall be ratably contributed by the parties hereto in proportion to the amounts of land severally irrigated by them from such river. Each and every of the stipulations and agreements herein contained shall bind and inure to the benefit of the successors, heirs, and assigns of each and every of the parties hereto, in the same manner as if they had therein been expressly named." The deed conveying title to Luther J. Holton contained a provision to the effect that he agrees to perform all of the terms of the above-mentioned contract. The deed from Holton to Goodwin provides that the same is made subject to the stipulations contained in the deed to Holton. Taking these conveyances together, we think that the contention of the plaintiff is sound when it contends that the parties had created a covenant running with the land. (Civ. Code, sec. 1460.) When thereafter the fee to parts of these lands was conveyed to Goodwin and Holton the covenant became binding on both of those owners. (Civ. Code, sec. 1465.) When thereafter on the fifth day of February, 1916, Goodwin and Holton entered into partition deeds and Goodwin parted with title to certain lands and Holton, on the other hand, parted with title as to the remaining lands theretofore owned by the two, the covenant running with the land bound each grantee in the partitioned lands as to the particular lands to which the fee vested wholly in the grantee and at the same time the covenant ceased to run against the lands title to which had been wholly transferred. The last proposition is expressly declared by statute. Section 1466 of the Civil Code

provides: ''No one, merely by reason of having acquired an estate subject to a covenant running with the land, is liable for a breach of the covenant . . . after he has parted with it or ceased to enjoy its benefits.'' That statute was, of course, a part of the contract as much as though it had been expressly written into it. Under the provisions of the alleged covenant running with the land, and the calls of the statute read in connection therewith, it may be conceded, for the present purposes, that Holton and Goodwin were jointly and severally liable to the plaintiff while they together held the title as tenants in common; but, upon the partitioning being had, it is equally clear that each of those owners became severally liable for his *pro rata* based on lands retained and at the same time each of them became discharged as to any liability to the plaintiff for any of the obligations that might thereafter arise between the plaintiff and either of said grantors of or concerning the interest in the lands title to which passed by the partition deeds. In other words, the express contract, by its own terms, immediately became a several contract.

By the partitioning had, Holton took 1,050 acres and Goodwin took 8,070 acres—Holton took 11.51 per cent and Goodwin took 88.48 per cent. Each became liable thereafter for a share of the obligations in the same proportion, viz., Holton for $103.30 and Goodwin for $725.51. It follows that the judgment in favor of the plaintiff should have been for a sum equal to at least $705.06, the amount which the plaintiff claimed in its complaint; but the amount awarded by the trial court was only $404.40.

It follows that the judgment should be reversed, and it is so ordered.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 13, 1922.

All the Justices present concurred.

Richards, J., *pro tem.*, was acting.